UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEVINE, ADELAIDE LEVINE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC. et al.,<br><br>Defendants. | Case No.: 19-CV-2196-CAB-LL<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 4] |

This matter is before the Court on a motion to dismiss filed by Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, (collectively "Defendants"). [Doc. No. 4.] The motion was filed on November 26, 2019 and set a hearing date (for briefing purposes only) of December 31, 2019. Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of December 31, 2019, Plaintiff's opposition to the motion to dismiss was due on December 17, 2019. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* S.D. Cal. CivLR 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d

52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiffs' failure to file anything with the Court, including failing to oppose the motion to dismiss, indicates that Plaintiffs have abandoned this lawsuit and consent to the granting of the motion to dismiss. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, the Court finds that Plaintiffs fail to state a claim against the Defendants and that no argument in opposition could possibly persuade the Court otherwise. The Court assumes the lack of opposition to Defendants' motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion.

Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above, and the complaint is **DISMISSED.** The Clerk of Court is instructed to **CLOSE** this case.

It is **SO ORDERED**.

Dated: January 3, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

2

19-CV-2196-CAB-LL